| | |
|---|---|
| ANTHONY GERVASIO, RICHARD BONGIOVANNI, MICHAEL DINSE and JAMES CLOUD Individually and on Behalf of All Other Persons Similarly Situated, | )<br>)<br>)<br>) **COLLECTIVE AND CLASS ACTION** |
| Plaintiffs, | ) **COMPLAINT**<br>)<br>) Jury Trial Demanded |
| v. | )<br>) Civil Action No. |
| WAWA, INC. and WILD GOOSE HOLDING CO. | )<br>)<br>) |
| Defendants. | )<br>) |

## INTRODUCTION

Plaintiffs Anthony Gervasio ("Gervasio"), Richard Bongiovanni ("Bongiovanni"), Michael Dinse ("Dinse") and James Cloud ("Cloud") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint (the "Complaint") against Defendants Wawa, Inc. ("Wawa") and Wild Goose Holding Co. ("Wild Goose" Collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the New Jersey State Wage and Hour Law, N.J.S.A. §§34:11-56(a), *et seq.* ("NJWHL") the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, the Maryland Wage and Hour Law, MD. Lab. & Empl. Code §§ 3-401, *et. seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, MD. Lab. & Empl. Code §§ 3-501, 3-502, 3-505, 3-507.2(b) *et. seq.* ("MWPCL"). The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Plaintiffs allege on behalf of themselves and other current and former Assistant General Managers ( "AGMs" or "Assistant General Managers") and similarly situated current and former employees holding comparable positions, employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.     Plaintiffs Bongiovanni and Dinse also bring this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all AGMs and other individuals paid by the same compensation method holding comparable positions but different titles employed by Wawa at its stores within the State of New Jersey (the "New Jersey Class"). Defendants violated the NJWHL by failing to pay AGMs for all hours worked, failing to pay AGMs overtime on a timely basis, and failing to pay AGMs the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiffs Bongiovanni, Dinse and the New Jersey Class are entitled to unpaid wages from Defendants for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

3.     Plaintiff Gervasio also brings this action under the PMWA pursuant to Fed. R. Civ. P. 23 on behalf of all AGMs and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of Pennsylvania (the "Pennsylvania Class"). Defendants violated the PMWA by failing to pay AGMs for all hours worked, failing to pay AGMs overtime on a timely basis, and failing to pay AGMs the legally required amount of overtime.

4. Plaintiff Cloud also brings this action under the MWHL and MWPCL pursuant to FED. R. CIV. P. 23 on behalf of all AGMs and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of Maryland ("Maryland Class" together, the New Jersey Class the Pennsylvania Class and the Maryland Class are referred to as the "State Classes"). Defendants violated the MWHL and the MWPCL by failing to pay AGMs for all hours worked, failing to pay AGMs overtime on a timely basis, and failing to pay AGMs the legally required amount of overtime compensation required by law for all hours worked above 40 in a workweek. Plaintiff Cloud and the Maryland Class are entitled to unpaid wages from Defendants for all hours worked by them as well as unpaid overtime wages for all hours worked above 40 in a workweek, and treble damages pursuant to the MWHL and MWPCL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs Gervasio and Dinse reside in this District.

7. Defendants regularly conduct business in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I. The Plaintiffs

9. Plaintiff Gervasio is an individual residing in Riverside, New Jersey.

10. Plaintiff Gervasio was employed by Wawa from in or around September 2006 to April 2016 as a AGM at Wawa stores located in Bensalem, Levittown, Yardley and Fairless Hills Pennsylvania.

11. Plaintiff Bongiovanni is an individual residing in Morrisville, Pennsylvania.

12. Plaintiff Bongiovanni was employed by Wawa, from in or around 2010 to October 2014, as an AGM at Wawa stores located in Hamilton, Dayton, Heights Town, and Keansburg, New Jersey.

13. Plaintiff Dinse is an individual residing in Brick, New Jersey.

14. Plaintiff Dinse was employed by Wawa from in or around August 2009 to May 12, 2014, as an AGM at Wawa stores located in Tinton Falls, Wall Township (Route 34) Farmingdale, and Shasta, New Jersey.

15. Plaintiff Cloud is an individual residing in Severin, Maryland.

16. Plaintiff Cloud was employed by Wawa from in or around November 2011 to March 2014 as an AGM at Wawa stores located in Millersville (Route 34), Glen Burnie, Annapolis, (Route 50), and Gambrills, Maryland.

17. Plaintiffs worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

## II.  *Defendants*

18. Wawa, is a corporation, organized and existing under the laws of New Jersey, with its corporate headquarters at 260 West Baltimore Pike, Wawa, Pennsylvania.

19. Wild Goose is a corporation, organized and existing under the laws of Delaware with its corporate headquarters at 1105 North Market Street, Suite 1300, Wilmington, Delaware.

20.   Upon information and belief Defendant Wild Goose Holding Co., owns Wawa Inc.

21.   In 2015 Wawa was ranked 34th on the Forbes Magazine list of largest private companies.

22.   Wawa, Inc. does business under the name Wawa and operates over 720 retail locations in New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida.

23.   Wawa was and still is doing business at its retail locations in New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida.

24.   Wawa employs/employed Plaintiffs and other similarly situated current and former AGMs at its Wawa locations in New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida.

25.   At all times relevant, Wawa, Inc., has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.   At all times relevant, Wawa, Inc., has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27.   At all times relevant, Wild Goose, has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.   At all times relevant, Wild Goose, has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29.   At all times relevant, Defendants were/are an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

30. Defendants have a gross volume of sales made or business done of not less than $500,000.00.

31. At all times relevant, Plaintiffs and all similarly situated AGMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

32. Wawa issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

33. The Plaintiffs were paid on a salary basis exempt from overtime by Wawa.

34. Wawa directed the work of Plaintiffs and similarly situated employees.

35. Wawa directly benefited, from the work the Plaintiffs and similarly situated employees performed.

36. Wawa directed the work of Plaintiffs and similarly situated employees, and directly benefited, suffered or permitted the work they performed.

37. Wild Goose directly benefited, from the work the Plaintiffs and similarly situated employees performed.

38. Wild Goose directed the work of Plaintiffs and similarly situated employees, and directly benefited, suffered or permitted the work they performed.

39. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek.

40. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation.

41. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

42. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the NJWHL.

43. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the PMWA.

44. Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the MWHL and MWPCL.

45. Wawa did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

46. Wawa did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

47. Wild Goose did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

48. Wild Goose did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

49. Pursuant to Defendant's policy and pattern or practice, Defendants did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

50. Pursuant to Defendant's policy and pattern or practice, Defendants did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

51. Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiffs and the Class Members, proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

## FACTUAL ALLEGATIONS

52. Defendants employed Plaintiffs, the Collective Action members, and the members of the State Classes as AGMs.

53. Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs, the Collective Action members, and the members of the State Classes.

54. Plaintiffs', Collective Action members' and the members of the State Classes, performed work as AGMs that was integrated into the normal course of Defendants' business.

55. Consistent with Defendants' policy, pattern and/or practice, Plaintiffs, the Collective Action members, and the members of the State Classes regularly worked in excess of 40 hours per workweek without being paid overtime wages.

56. Plaintiff Gervasio actually worked approximately 50 to 55 hours per week during each week, and was not paid for the hours worked in excess of 40. For example, during the week of September 6, 2015 through September 12, 2015 Plaintiff Gervasio worked approximately 52 hours.

57. Plaintiff Dinse actually worked approximately 50 to 55 hours or more a week during each week in which he worked five or more shifts, and was not paid for the hours worked in excess of 40. For example, during the week of April 20, 2014 through April 26, 2014, Plaintiff Dinse worked approximately 52 hours.

58.     Plaintiff Bongiovanni actually worked approximately 55 to 60 hours per week during each week in which he worked five or more shifts, and was not paid for the hours worked in excess of 40.  For example, during the week of August 24, 2016 through August 30, 2014, Plaintiff Bongiovanni worked approximately 60 hours.

59.     Plaintiff Cloud actually worked approximately 55 to 60 hours or more a week during each week in which he worked five or more shifts, and was not paid for the hours worked in excess of 40.  For example, during the week of February 16, 2014 through February 22, 2014, Plaintiff Cloud worked approximately 55 hours.

60.     The number of shifts Plaintiffs worked per week can be ascertained from Defendants' records.

61.     Wawa assigned all of the work performed by Plaintiffs, the Collective Action, and the members of the State Classes, and is aware of all the work that they have performed.

62.     This work required little skill and no capital investment.

63.     This work required of the Plaintiffs the Collective Action, and the members of the State Classes, did not include managerial responsibilities.

64.     This work required of the Plaintiffs and the state Class Members did not include the exercise of meaningful independent judgment and discretion concerning matters of significance.

65.     Throughout the class action period, defined herein:

    a.  New Jersey class: Current and former employees of Defendants who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, that have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as

well as overtime wages ("New Jersey Class Action period" jointly the "Class Action Periods").

b. Pennsylvania class: Current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the State of Pennsylvania, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages ("Pennsylvania Class Action period").

c. Maryland class: Current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the State of Maryland, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages ("Maryland Class Action period").

66. Throughout the Collective Action and Class Action Periods, Plaintiffs, the Collective Action Members, and the State Classes performed the same primary job duties: working the cash registers, making deli sandwiches, stocking shelves, cleaning the store, assisting customers, unpacking merchandise, and other manual tasks.

67. Throughout the Collective Action Period, and the State Classes Action Period, the primary job duties of Plaintiffs, the Collective Action members, and the members of the State Classes did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

68. The primary job duties of Plaintiffs, the Collective Action members and the State Class Members did not materially differ from the duties of non-exempt hourly paid employees.

69. The primary duties of Plaintiffs the Collective Action members, and the members of the State Classes were manual in nature.

70. The Plaintiffs, the Collective Action members, and the members of the State Classes performance of manual labor and non-exempt duties occupied the majority of Plaintiffs, the Collective Action members and the Class Members' working hours.

71. Pursuant to a centralized, company-wide policy, pattern and/or practice, Wawa classified all AGMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

72. Pursuant to a centralized, company-wide policy, pattern and/or practice, Wawa classified all AGMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the NJWHL.

73. Pursuant to a centralized, company-wide policy, pattern and/or practice, Wawa classified all AGMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the PMWA.

74. Pursuant to a centralized, company-wide policy, pattern and/or practice, Wawa classified all AGMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the MWHL and MWPCL.

75. Wawa did not perform a person-by-person analysis of the job duties of AGMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

76.    Wawa did not perform a person-by-person analysis of the job duties of AGMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the NJWHL.

77.    Wawa did not perform a person-by-person analysis of the job duties of AGMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the PMWA.

78.    Wawa did not perform a person-by-person analysis of the job duties of AGMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the MWHL and MWPCL.

79.    Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs the Collective Action members, and the members of the State Classes worked.

80.    Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

81.    Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated AGMs (who were not paid overtime) to work more than forty (40) hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

82.    Defendants acted willfully and knew, by virtue of the fact that its General Managers and Area Managers (as its authorized agents) and actually saw the Plaintiffs and other similarly situated AGMs perform primarily manual labor and non-exempt duties, that as a result of the

underfunded labor budgets Defendant's had non-exempt employees primarily performing such work.

83.     Defendants knew that Plaintiffs and other similarly situated AGMs were not performing activities that would suffice to make their actual job duties comply with any FLSA exemption and, Defendants are such a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated AGMs as non-exempt employees.

84.     Defendants are aware or should have been aware, through General Managers and Area Managers (as its authorized agents), that AGMs were primarily performing non-exempt duties.  As a retailer operating over 720 stores throughout the country, Defendants knew or recklessly disregarded the fact that the FLSA, required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

85.     Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the FLSA.

86.     Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

87.     Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the NJWHL.

88.     Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the PMWA.

89. Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the MWHL and MWPCL.

90. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiffs, the members of the Collective Action, and the members of the State Classes. This policy, pattern, and practice includes, but it is not limited to Defendants' knowledge of its obligations and the kind of work that Plaintiffs, the Collective Action members, and the members of the State Classes were and, have been performing, and that as a result, Defendants have been:

a. willfully misclassifying Plaintiffs, members of the Collective Action and the members of the State Classes as exempt from the overtime requirements of the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL;

b. willfully failing to pay Plaintiffs, members of the Collective Action and the members of the State Classes overtime wages for hours they worked in excess of 40 hours per week; and

c. willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its AGMs to perform such non-exempt tasks.

91. Defendants' willful violations of the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL, are further demonstrated by the fact that during the course of the Collective Action Period, the State Class periods and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiffs, the members of the Collective Action and the

members of the State Classes. Defendants acted recklessly or in willful disregard of the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked.

92.     During the course of the Collective Action and Class Action Periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as provided under the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiffs' and other similarly situated AGMs' rights under the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL.

93.     Due to the foregoing, Wawa's failure to pay overtime wages for work performed by the Collective Action Members and members of the State Classes in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

94.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Wawa as AGMs and individuals holding comparable salaried positions with different titles employed by Defendants within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

95.     Defendants are liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and other similarly situated employees.

96.     There are many similarly situated current and former AGMs who have not been paid overtime wages in violation of the FLSA who would benefit from the issuance of a court-

supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

97. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## RULE 23 CLASS ALLEGATIONS

98. Plaintiffs sue on their own behalf and on behalf of classes of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

99. Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and,
   e. A class action is superior to other methods of adjudication.

100. The Rule 23 Class that Plaintiffs Dinse and Bongiovanni (New Jersey Class) seek to identify includes:

> Current and former employees of Defendant who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (the "New Jersey Class Members" or, together with all Rule 23 Plaintiffs, the "Class Members").

101. The Rule 23 Class that Plaintiff Gervasio ( Pennsylvania Class) seeks to identify includes:

> Current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the

State of Pennsylvania, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages, and were not properly issued accurate wage statements each pay period (the "Pennsylvania, Class Members" or, together with all Rule 23 Plaintiffs, the "Class Members").

102.    The Rule 23 Class that Plaintiff Cloud (Maryland Class) seeks to identify

includes:

Current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Assistant General Manager and/or employees holding comparable positions but different titles in a Wawa store located in the State of Maryland, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages, and were not properly issued accurate wage statements each pay period (the "Maryland Class Members" or, together with all Rule 23 Plaintiffs, the "Class Members").

## Numerosity

103.    The persons identified as Class Members above are so numerous that joinder of

all members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number can be made are presently within the sole control

of Defendants, upon information and belief, there are at least 100 Class Members during the

Class Periods.

## Common Questions of Law and/or Fact

104.    There are common questions of law and fact that govern the claims that are

available to each Class Member, including, but not limited to the following: There are questions

of law and fact common to the Class, which predominate over any questions solely affecting the

individual members of the Class, including but not limited to:

a.    whether Defendants have a policy of misclassifying AGMs as "exempt" employees and denied them overtime compensation;

b. whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c. what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

d. whether Defendants have failed and/or refused to pay Plaintiffs and the Class Members overtime pay for hours worked in excess of (40) forty hours per work week within the meaning the New Jersey State Wage and Hour Law, the Pennsylvania Minimum Wage Act, the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law, and all supporting regulations;

e. the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive, treble and statutory damages, interest, attorneys' fees, costs and disbursements; and

g. whether Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

### Typicality of Claims and/or Defenses

105. The claims of Plaintiffs are typical of the claims of the Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the defendants.

### Adequacy

106. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

107. Plaintiffs have the same interests in this matter as all other Class Members, and Plaintiffs' claims are typical of the Class and thus would properly and adequately represent the

current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

108.     Plaintiffs' claims are typical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially-similarly, to the Class Members.

109.     Any lawsuit brought by a salaried AGM of Defendant's would be identical to a suit brought by any salaried AGM for the same violations. Thus, separate litigation would risk inconsistent results.

110.     Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

111.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## NJWHL CLASS ALLEGATIONS

112.     Plaintiffs Dinse and Bongiovanni brings this action on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

113.     Plaintiffs Dinse and Bongiovanni brings NJWHL claims on behalf of all persons who were employed by Defendants at any time since January 12, 2015 in the State of New Jersey, to the entry of judgment in this case (the "Class Period"), who were employed by Defendants as AGMs and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the NJWHL and who have not been paid for all hours worked by them as well as overtime wages in violation of the NJWHL (the "New Jersey Class").

114.    The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 100 members of New Jersey Class during the Class Period.

115.    The claims of Plaintiffs are typical of the claims of the New Jersey Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the defendants.

116.    There are questions of law and fact common to the New Jersey Class, which predominate over any questions solely affecting the individual members of the New Jersey Class, including but not limited to:

    a.  whether Defendant employed the members of the New Jersey Class within the meaning of the NJWHL;

    b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c.  whether Defendant failed and/or refused to pay the members of the New Jersey Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NJWHL;

    d.  whether Defendants misclassified Plaintiffs and the New Jersey Class as exempt under the relevant provisions of the NJWHL;

e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

f. whether Defendants should be enjoined from such violations of the NJWHL in the future.

117. Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

118. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

119. Plaintiffs have the same interests in this matter as all other members of the New Jersey Class and Plaintiffs' claims are typical of the New Jersey Class.

## PMWA CLASS ALLEGATIONS

120. Plaintiff Gervasio bring this action under the PMWA on behalf of all persons who were employed by Defendants at any time since January 12, 2014, in the State of Pennsylvania, to the entry of judgment in this case (the "Pennsylvania Class Period"), who were employed by Defendants as AGMs and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the PMWA and who have not been paid for all hours worked by them as well as overtime wages in violation of the PMWA (the "Pennsylvania Class").

121. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

122. The class is so numerous that joinder of all individual members is impracticable.

123.    Defendants' conduct with respect to Plaintiffs and the Pennsylvania Class raises questions of law and fact that are common to the entire class.  Such as whether Wawa employed Plaintiff Gervasio and all members of the Pennsylvania Class within the meaning of the PMWA; the nature and extent of the class-wide injury and the appropriate measure of damages for the Class; whether Wawa has a policy of misclassifying AGMs as exempt from coverage of the overtime provisions of the PMWA; whether Wawa failed to pay Plaintiff Gervasio and all members of the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the PMWA; and whether Wawa is liable for all damages claimed by Plaintiff Gervasio and all members of the Pennsylvania Class.

124.    Plaintiff Gervasio's claims and Defendants' anticipated defenses are typical of the claims or defenses applicable to the entire class.

125.    Plaintiff Gervasio's interests in pursuing this lawsuit are aligned with the interests of the entire Pennsylvania Class.

126.    Plaintiff Gervasio will fairly and adequately protect the class members' interests because they and their experienced and well-resourced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of all class members.

127.    A class action provides the fairest and most efficient method for adjudicating the legal claims of all class members.

## MARYLAND CLASS ALLEGATIONS

128.    Plaintiff Cloud sues on his own behalf and on behalf of the Maryland Class as defined above, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

129.    Plaintiff Cloud bring this action under the MWHL and the MWPCL on behalf of all persons who were employed by Defendants at any time since January 12, 2014, in the State

of Maryland, to the entry of judgment in this case (the "Maryland Class Period"), who were employed by Defendants as AGMs and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the MWHL and/or MWPCL and who have not been paid for all hours worked by them as well as overtime wages in violation of the MWHL and/or MWPCL (the "Maryland Class").

130.   Wawa violated the MWHL and MWPCL, and the regulations promulgated there under by failing to pay proper overtime wages to Plaintiff Cloud and other putative Maryland Class Members for all hours in which they worked over 40 in a given workweek.

131.   The Maryland Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 100 members of the Maryland Class.

132.   There are questions of law and fact common to the members of the Maryland Class that predominate over any questions solely affecting the individual members of the Maryland Class.

133.   The critical question of law and fact common to Plaintiff Cloud and the Maryland Class that will materially advance the litigation is whether Wawa is required by the MWHL and MWPCL, to pay Plaintiff Cloud and the Maryland Class at a rate of 1.5 times their regular hourly rate for hours worked overtime.

134.   Other questions of law and fact common to the Maryland Class that will materially advance the litigation include, without limitation:

   a.       Whether Defendants employed Plaintiff Cloud and the Maryland Class Members within the meaning of the MWHL and MWPCL;

b.    The nature and extent of the class-wide injury and the appropriate measure of damages for the Class when the employer fails in its duty to maintain time records;

c.    Whether Defendants have a policy of misclassifying AGMs as exempt from coverage of the overtime provisions of the MWHL and MWPCL;

d.    Whether Defendants have failed to pay Plaintiff Cloud and the Maryland Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the MWHL and MWPCL and the regulations promulgated thereunder including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104;

e.    Whether Defendants can prove that its unlawful policies were implemented in good faith;

f.    Whether Defendants is liable for all damages claimed by Plaintiff Cloud and the Maryland Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

g.    Whether Wawa should be enjoined from continuing to violate the MWHL and MWPCL in the future.

135.    Plaintiff Cloud's claims are typical of the claims of the members of the Maryland Class. Plaintiff Cloud has the same interests in this matter as all other members of the Maryland Class.

136.    Plaintiff Cloud is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

137.    Class certification of Plaintiff Cloud's MWHL and MWPCL claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Wawa has acted or refused to act on grounds generally applicable to the Maryland Class, making appropriate both declaratory and injunctive relief with respect to the Maryland Class as a whole. The members of the Maryland Class are entitled to injunctive relief to end Wawa's common and uniform policy and practice of denying the Maryland Class the wages to which they are entitled.

138.    Class certification of Plaintiff Cloud's MWHL and MWPCL claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

139.    Plaintiff Cloud knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiffs and All Collective Action Members)

140.    Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 97 as if set forth again herein.

141.    At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

142.   At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

143.   Wawa has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

144.   Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

145.   The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Wawa.

146.   At all relevant times and continuing to the present, Defendants have a policy and practice of refusing to pay overtime compensation to its AGMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

147.   As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

148.   As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

149.   As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendants knew or recklessly disregarded the fact that

Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

150.    Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and Collective Action Members, Defendants' actual knowledge, through its General Managers and Area Managers that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

151.    As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NEW JERSEY STATE WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
**(Brought on Behalf of Plaintiffs Bongiovanni and Dinse and All New Jersey
Class Action Members)**

152. Plaintiffs Bongiovanni and Dinse on behalf of themselves and all members of the New Jersey Class, re-allege and incorporate by reference paragraphs 1 through 119 as if set forth again herein.

153. Wawa's violations of the NJWHL have been willful.

154. At all relevant times, Plaintiffs Bongiovanni and Dinse and the members of the New Jersey Class were employed by Defendants within the meaning of the NJWHL.

155. Defendants willfully violated Plaintiffs Bongiovanni and Dinse's rights as well as the rights of the New Jersey Class, by failing to pay them for all hours worked, and for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek in violation of the NJWHL.

156. Defendants' NJWHL violations have caused Plaintiffs Bongiovanni and Dinse and the New Jersey Class irreparable harm for which there is no adequate remedy at law.

157. Due to Defendant's NJWHL violations, Plaintiffs Bongiovanni and Dinse and the New Jersey Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NJWHL.

**THIRD CAUSE OF ACTION**
**PENNSYLVANIA MINIMUM WAGE ACT: UNPAID OVERTIME WAGES**
<u>**(Brought on Behalf of Plaintiff Gervasio and All Pennsylvania Class Action Members)**</u>

158. Plaintiff Gervasio on behalf of themselves and all members of the Pennsylvania Class, re-allege and incorporates by reference paragraphs 1 through 127 as if set forth again herein.

159. Defendants are employers covered by the overtime pay mandates of the PMWA, and Plaintiff and the Pennsylvania Class members are employees entitled to the PMWA's protections.

160. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. 43 P.S. § 333.104(c).

161. Defendants violated the PMWA by failing to pay Plaintiff and the Pennsylvania Class the full, legally mandated overtime premium for all hours worked over 40 per week.

## FOURTH CAUSE OF ACTION
## MARYLAND WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiff Cloud and All Maryland Class Members)

162. Plaintiff Cloud on behalf of himself and all Maryland Class members realleges and incorporates by reference paragraphs 1 through 138 as if set forth again herein.

163. At all relevant times, Plaintiff Cloud and the members of the Maryland Class were employed by Defendants within the meaning of the MWHL, and Defendants were an employer within the meaning of MWHL.

164. The overtime wage provisions of the MWHL and its supporting regulations apply to Defendants.

165. Defendants willfully violated Plaintiff Cloud's rights and the rights of the Maryland Class by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the MWHL.

166. As a result of Defendants' policy and/or practice to minimize labor costs by providing its stores with an underfunded labor budget, Defendants willfully caused Plaintiffs and the Maryland Class Members to perform primarily manual labor and non-exempt tasks.

167. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the limited labor budgets on the job duties of Plaintiffs and the

Maryland Class Members, Defendants' actual knowledge, through its General Managers and District Managers, that the primary duties of Plaintiffs and Class Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiffs' and the Maryland Class members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, all of which demonstrate Defendants knew and/or showed reckless disregard that its conduct was prohibited by the MWHL.

168.    As a result of Defendants' willful violations of the MWHL, Plaintiff Cloud and the Maryland Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, treble damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to MWHL.

169.    Defendants' MWHL violations have caused Plaintiff Cloud and the Maryland Class irreparable harm for which there is no adequate remedy at law.

### FIFTH CAUSE OF ACTION
### MARYLAND WAGE PAYMENT AND COLLECTION LAW:
### UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiff Cloud and All Maryland Class Members)

170.    Plaintiff Cloud realleges and incorporates by reference paragraphs 1 through 139 as if set forth again herein.

171.    At all relevant times, Defendants were the employers of Plaintiff Cloud and the Maryland Class members within the meaning of MWPCL, MD. Code Ann., Labor & Empl. § 3-501.

172.     Plaintiff Cloud and members of the Maryland Class are entitled to compensation for time suffered and permitted as work benefitting Defendants.

173.     Defendants violated the MWPCL by failing to pay Plaintiff Cloud and the Maryland Class Members their full wages, including overtime compensation, due within the applicable two-week period as set forth MD. Code Ann., Lab. & Empl. §§ 3-502(a)(1)(ii) and 3-507.2.

174.     The Defendants' failure to pay Plaintiff Cloud and Maryland Class members was not the result of any bona fide dispute between the Defendants and Plaintiff Cloud or the Maryland Class members within the meaning of MD. Code Ann., Lab. & Empl. § 3-507.2(b).

175.     Due to the Defendants' failure to pay the Plaintiff Cloud and Maryland Class members their full overtime wages, Plaintiff Cloud and the Maryland Class members are entitled to recover from the Defendants their unpaid wages and/or treble damages, court and other costs, and reasonable attorneys' fees and expenses as set forth under MD. Code Ann., Lab. & Empl. § 3-507.2(b).

176.     Defendants' MWPCL violations have caused Plaintiff Cloud and the Maryland Class irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective Action Members and the members of the State Classes are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to

assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.     A declaratory judgment that the practices complained of are unlawful under the FLSA;

c.     An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, the NJWHL, the PMWA, the MWHL, and the MWPCL using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d.     An award of liquidated, punitive and treble damages as a result of Wawa's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, the NJWHL, the PMWA, the MWHL, and the MWPCL;

e.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the New Jersey Class, appointing Plaintiffs Bongiovanni and Dinse and their counsel to represent the New Jersey Class;

g.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Pennsylvania Class, appointing Plaintiff Gervasio and their counsel to represent the Pennsylvania Class;

h.    Certification of the Maryland Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Cloud and his counsel to represent the members of the Maryland Class;

i.    A declaratory judgment that the practices complained of herein are unlawful under the NJWHL; the PMWA, the MWHL, and the MWPCL;

j.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

k.    An award of prejudgment and post-judgment interest;

l.    An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiffs; and

m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs, the Collective Action Members and all members of the State Classes demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 12, 2017                    By: _____

                                           Joseph D. Monaco, III
                                           The Law Offices of Joseph Monaco, P.C.

                                           New Jersey Office:
                                           1317 Morris Avenue
                                           Union, New Jersey 07083
                                           Phone: (212) 486-4244
                                           Fax: (646) 807-4749

Charles Gershbaum, Esq.*
Marc S. Hepworth, Esq.
David A. Roth, Esq.*
Rebecca S. Predovan, Esq.*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Tel: (212) 545-1199
Fax: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com

*Attorneys for Plaintiffs*

*To be admitted Pro Hac Vice

**EXHIBIT "A"**