## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANTHONY GERVASIO, MICHAEL DINSE,   :
JAMES CLOUD and CHRISTOPHER         :
CARMANY, Individually and on Behalf of   :
All Other Persons Similarly Situated,    :
                                        :
                    *Plaintiffs*,    :       Civil Action No.
                                        :       3:17-cv-00245-PGS-DEA
                    v.              :
                                        :
WAWA, INC.,                         :
                                        :
                    *Defendant*.     :
                                        :

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of

Settlement and Release Stipulation (the "Stipulation") reflecting the terms of the parties'

settlement (the "Settlement") is made and entered into by and among the Named Plaintiffs

Anthony Gervasio, Michael Dinse, James Cloud, and Christopher Carmany ("Named

Plaintiffs"), individually and on behalf of all individuals who filed a notice of consent to join the

above-captioned action pursuant to 29 U.S.C. § 216(b) as of September 5, 2018 ("Opt-In

Plaintiffs"), and Defendant Wawa, Inc. ("Wawa" or the "Company").  The Named Plaintiffs,

Opt-In Plaintiffs, and Defendant are jointly referred to in this Stipulation as the "Parties" or

"Settling Parties" and each of them as a "Party."

## I.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby agreed among the Named Plaintiffs (for themselves and on behalf of the Opt-

In Plaintiffs) and Defendant, with the assistance of their respective counsel, that, as among the

Settling Parties, the Named Plaintiffs' and Opt-In Plaintiffs' Released Claims and Plaintiffs'

Counsel's Released Fees and Costs (all of which are defined below) shall be finally and fully

compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation and the Judgment (defined below).

## II.   **DEFINITIONS**

In addition to terms defined elsewhere in the Stipulation, as used in this Stipulation, the following terms have the meanings stated below:

1. "Action" means the civil action titled "*Anthony Gervasio, Michael Dinse, James Cloud, and Christopher Carmany v. Wawa, Inc.*" now pending in the United States District Court for the District of New Jersey (Case No. 3:17-cv-00245-PGS-DEA).

2. "Claims Administrator" or "Settlement Administrator" means the third-party claims administration firm selected by the Parties.  The Parties have agreed to propose JND Legal Administration as the Claims Administrator.

3. "Plaintiffs' Counsel" means Hepworth, Gershbaum, & Roth, LLP.

4. "Named Plaintiffs" refers collectively to Anthony Gervasio, Michael Dinse, James Cloud, and Christopher Carmany.

5. "Opt-In Plaintiffs" refers to those individuals who held the Assistant General Manager ("AGM") position at Wawa between January 12, 2015 and December 28, 2015 and who joined this Action by filing a Notice of Filing of Consent to Join Form no later than September 5, 2018.

6. "Federal and State Release Opt-Ins" refers to Opt-In Plaintiffs who held the AGM position at a Wawa located in New Jersey, Pennsylvania, and/or Maryland.

7. "Federal Release Opt-Ins" refers to Opt-In Plaintiffs who held the AGM position at a Wawa located in Virginia, Florida, and/or Delaware.

8.      "Counsel for Defendant" means Michael J. Puma of Morgan, Lewis & Bockius LLP.

9.      "Court" means the United States District Court for the District of New Jersey.

10.     "Days" or "days" refer to calendar days below unless specifically indicated as business days.

11.     "Defendant" means Defendant Wawa, Inc.

12.     "Final" means the last of the following dates, as applicable:

    a.      The date that is 35 days after the date that the Court enters the Approval Order of the Settlement dismissing the Action with prejudice.  "Approval Order" means the Court's order granting approval of the Settlement, which will constitute a final "Judgment" within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure.  The Approval Order will provide that its entry will bar all claims that were or could have been pled based on the factual allegations in the Action.  The Approval Order will be substantially in the form attached to this Stipulation as Exhibit A.

    b.      If any Party files an appeal, then the day after the final resolution of that appeal (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement.

13.      "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator into which the Settlement Payment will be deposited after the Approval Order is Final.

14.     "Settlement Payment" means the maximum payment by Wawa pursuant to this Stipulation of one million four hundred thousand dollars ($1,400,000.00) to fund

the QSF.  The Settlement Payment will be the sole source and maximum payment by Defendant or the Released Parties (defined below) under this Settlement and shall include: (1) all Settlement Shares (defined below) for the Named Plaintiffs and Opt-In Plaintiffs (including the Federal and State Release Opt-Ins and Federal Release Opt-Ins); (2) all enhancement amounts approved for the Plaintiff(s); (3) all Plaintiffs' Counsel's Attorneys' Fees and Costs approved by the Court; (4) Defendant's share of payroll taxes; and (5) all costs of the Settlement Administrator and other costs associated with administration of the Settlement. Under no circumstances shall Defendant or the Released Parties (defined below) pay or be required to pay any amount in connection with this Settlement above and beyond the Settlement Payment.

15. "Settlement Share" means each of the Named Plaintiffs' and Opt-In Plaintiffs' potential share of the Net QSF (defined below), as calculated by Plaintiffs' Counsel. The Settlement Share is calculated by dividing the amount of the Settlement Payment, minus, attorney's fees costs and expenses, settlement administration costs, Defendant's share of payroll taxes, and any court-approved enhancement payments as set forth in Paragraph 14, by the total number of workweeks for the Collective and then multiplying this per week share calculation by the total number of workweeks accrued by each Plaintiff or Opt-In Plaintiff.

16. "Settling Parties" or "Parties" means Defendant and the Named Plaintiffs on behalf of themselves and Opt-In Plaintiffs (including Federal and State Release Opt-In Plaintiffs and Federal Release Opt-In Plaintiffs).

4

## III.   **RECITALS**

1.      The Named Plaintiffs, former AGMs at Wawa stores located in Pennsylvania (Plaintiff Gervasio), New Jersey (Plaintiff Dinse and Plaintiff Carmany), and Maryland (Plaintiff Cloud) filed a Class and Collective Action Complaint in the District of New Jersey on January 14, 2017 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey State Wage and Hour Law ("NJSWL"), the Pennsylvania Minimum Wage Act ("PMWA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL") (Dkt. 1).  The Named Plaintiffs alleged that Wawa misclassified them and allegedly similarly situated AGMs as exempt employees under federal and New Jersey, Pennsylvania, and Maryland law and improperly denied them overtime for hours worked over forty.  Notably, Wawa re-classified its AGMs as non-exempt, overtime eligible employees on December 28, 2015.

2.      Wawa filed an Answer to Plaintiffs' Class and Collective Action Complaint on April 8, 2017, denying the allegations set forth therein.  Specifically, Defendant denied the material allegations; maintained that the Court should not certify the proposed class action and collective action; asserted that the Named Plaintiffs and the individuals they sought to represent were properly exempt from the overtime requirements of federal and New Jersey, Pennsylvania, and Maryland law; maintained that Defendant bore no liability to the Named Plaintiffs or the individuals they sought to represent for wages, penalties, or otherwise; and raised other defenses.

3.     On January 11, 2018, the Court conditionally certified the Action as an FLSA opt-in collective action under 29 U.S.C. § 216(b).  In doing so, the Court authorized notice to be distributed to AGMs who were employed by Wawa from January 10, 2015 to December 28, 2015 (Dkt. 51).  The Court-authorized Notice provided that if an individual elected to join the Action, he or she would be "bound by and share in any ruling, settlement or judgment, favorable or unfavorable" and that he or she "designate[d] the named Plaintiffs as [his or her] representatives, and to the fullest extent possible, [he or she] designate[ed] the named Plaintiffs and their Counsel to make decisions on [his or her] behalf concerning the case, the method and manner of conducting the case, and all other matters pertaining to the lawsuit. Decisions made and agreements entered into by Plaintiffs relating to this lawsuit will be binding [] if [he or she] join[ed] the lawsuit." (Dkt. 51-3).

4.     On February 1, 2018, Plaintiffs' Counsel sent the Court-authorized Notice to approximately 1,040 current and former AGMs.

5.     Approximately 327 AGMs joined the action by signing and filing a Notice of Filing of Consent To Join Form.  Those individuals are referred herein as "Opt-In Plaintiffs" (defined above).

6.     On August 20, 2018, the Parties participated in good-faith, arms-length negotiations presided over by mediator The Honorable Diane Welsh.  During that mediation, the Parties were able to reach an agreement to settle the Action on the terms set forth herein.

7.     Based on the discovery conducted in this case, information exchanged confidentially for purposes of settlement discussions and mediation, and their own

independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Named Plaintiffs and Opt-In Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant as to class certification of the purported state law claims, final collective action certification of the FLSA claims, the merits of the claims, and potential appellate issues.

8.    It is the mutual desire of the Parties to fully and finally settle, compromise, and discharge all bona fide disputes and claims raised in or related in any way to the Action as more fully set forth below.  In order to achieve a full and complete release of the released persons, the Named Plaintiffs (on behalf of themselves and the Opt-In Plaintiffs) acknowledge that this Settlement is intended to include and resolve all the claims that were at any time during the litigation asserted in the Action or could have been as more fully set forth below.

## IV.    SETTLEMENT CONTINGENT ON COURT APPROVAL

1.    This settlement is contingent on the entry of an order by the Court approving this Settlement and dismissing the entire Action with prejudice in the Approval Order (the date of that order defined as "the Approval Date").

2.    Plaintiffs will move the Court for entry of the Approval Order by December 28, 2018.  Plaintiffs' Counsel will provide a draft of that motion for Court Approval and any accompanying legal papers ("the Approval Motion") to Counsel for Defendant for Defendant's review and comment at least ten (10) business days before the filing deadline, will incorporate reasonable revisions by Defendant's counsel, will attach this Agreement as an exhibit, will attach a proposed order

dismissing the Action with prejudice (to be negotiated with Defendant's counsel), and will file the Approval Motion through the Court's ECF system.

3.     If the Court does not enter an Approval Order then all terms of this Settlement (other than the non-admission and confidentiality requirements set forth below) automatically become null and void and the Action will continue to go forward in the Court, all Parties will return to the *status quo ante*, and the Parties will jointly propose a new schedule to the Court for discovery and motion practice.

4.     Pursuant to the language of the Notice previously sent to all Opt-In Plaintiffs who joined the above-captioned action, the Opt-In Plaintiffs will be bound by the settlement of this Action because, by signing and filing the Notice of Filing of Consent to Join Form, they agreed to designate the Named Plaintiffs and Plaintiffs' Counsel as their representatives to make decisions on their behalf concerning all matters relating to this Action, including settlement.  The Approval Order proposed to the Court will confirm that the Named Plaintiffs' execution of this Stipulation will be binding on the Opt-In Plaintiffs, and that the Opt-In Plaintiffs are bound by the release below.  The Court's failure to adopt this approach will be grounds for the Defendant to void the settlement.

## V.     DUTIES OF SETTLEMENT ADMINISTRATOR

1.     The Parties have agreed to select a Settlement Administrator to perform the following duties in connection with administration of the Settlement: (i) disbursing all Settlement Share checks to the Named Plaintiffs and Opt-In Plaintiffs and handling all related tax reporting; (ii) disbursing Plaintiffs' Counsel's approved Attorneys' Fees and Costs Payment and the Plaintiffs' Enhancement Payments; (iii) notifying Plaintiffs' Counsel and Counsel for

Defendant of any Named Plaintiffs or Opt-In Plaintiffs who have not cashed their

Settlement Share checks by the deadline set forth below; and (iv) other duties as

determined jointly by the Parties.

2.      The Parties will cooperate to provide the Settlement Administrator with

information necessary to perform the Settlement Administrator's duties.

3.      All disputes relating to the Settlement Administrator's performance of its duties,

after good faith efforts by the Parties to first resolve such disputes, will be

referred to the Court, if necessary, which will have continuing jurisdiction over

this Settlement until all payments and obligations contemplated by this Settlement

have been fully carried out and thereafter to enforce the releases contained herein.

## VI.   NO ADMISSION OF LIABILITY

1.      This Settlement represents a compromise of highly disputed claims.  Nothing in

this Settlement (or any act performed or document drafted or executed pursuant to

or in furtherance of this Settlement) will be construed or be used as an admission

or evidence of the validity of any claim or allegation, or of any act, omission,

liability or wrongdoing on the part of Defendant or any of the Released Parties

(defined below) in any action or proceeding of any kind whatsoever.  Defendant

and the Released Parties expressly deny any such liability or unlawful conduct.

## VII.  ATTORNEYS' FEES AND COSTS AND NAMED PLAINTIFFS' REPRESENTATIVE PAYMENTS

The Named Plaintiffs and Plaintiffs' Counsel may move the Court in the Approval

Motion for an enhancement award from the QSF in an amount not to exceed $5,000.00 (in

addition to their Settlement Share) for each of the Named Plaintiffs, Anthony Gervasio, Michael

Dinse, James Cloud and Christopher Carmany and in an amount not to exceed $1,000.00 for

9

each of the Opt-in Plaintiffs Eric Romolini, Joeseph Fitzgerald, and Thomas Watkins (all of whom sat for a deposition in this matter) for their involvement as representative plaintiffs in the Action ("Plaintiffs' Enhancement Payments").  The Named Plaintiffs and Plaintiffs' Counsel may also move the Court in the Approval Motion for an award to Plaintiffs' Counsel from the QSF in an amount not to exceed $466,666.66 covering all attorneys' fees and costs, except for the costs of the Settlement Administrator ("Attorneys' Fees and Costs Payment").  If the Court disapproves any portion of the requested fees and expenses pursuant to this Paragraph but otherwise approves the Settlement, the disapproved monies will revert to Defendant.  The Settlement Administrator will distribute any monies approved by the Court pursuant to this Paragraph to the Named Plaintiffs and Plaintiffs' Counsel from the QSF consistent with Paragraph IX herein.

Plaintiffs' Counsel represents that no lawyers/firms other than Plaintiffs' Counsel were involved in the Action or has made or could make a claim for a portion of Plaintiffs' Counsel's Attorneys' Fees and Costs.  Plaintiffs' Counsel further represents that the Attorneys' Fees and Costs Payment will be distributed only to Plaintiffs' Counsel as defined herein.

## VIII.   REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT BY THE COURT OR ON APPEAL

1.   If the Court grants approval of the Settlement with material modification, or if, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Approval Order such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Approval Order is not fully affirmed on review by a higher court, the Named Plaintiffs through Plaintiffs' Counsel and Defendant through its counsel will each have the right to

void the Settlement, which the Party must do by giving written notice to the other Parties, the Court, and reviewing court not later than fourteen (14) days after the court's decision vacating, reversing, or materially modifying the Settlement and/or Approval Order.  Notwithstanding a reviewing court's vacatur, reversal, or modification of the Approval Order, Defendant's obligation to make payments under this Settlement remains limited by the maximum Settlement Payment.

2. An award of the Plaintiffs' Enhancement Payments or of the Attorneys' Fees and Costs Payment in an amount less than that sought by the Named Plaintiffs and/or Plaintiffs' Counsel will not constitute a failure to grant approval of the Settlement or a material modification of the Settlement for purposes of any provision of this Stipulation.

## IX.   THE QUALIFIED SETTLEMENT FUND

1. Once the Approval Order becomes Final, Defendant shall wire or send a check within fifteen (15) business days to the Claims Administrator in the amount of the Settlement Payment, which shall be deposited into an account to be opened, administered and controlled by the Claims Administrator (the "QSF").

2. The "Net QSF" shall be the amount of the QSF remaining after deducting approved attorneys' fees and costs, any approved enhancement payment to the Named Plaintiffs, Defendant's share of payroll taxes, and the costs of the Settlement Administrator and any other costs associated with administration of the Settlement.

3. Within thirty-five (35) business days of the Approval Ordering becoming Final, the Claims Administrator shall send the Named Plaintiffs and Opt-In Plaintiffs a

11

payment from the Net QSF in an amount equal to the Named Plaintiffs' and Opt-In Plaintiffs' Settlement Share.

4. Each of the Named Plaintiffs' and Opt-In Plaintiffs Settlement Shares are set forth in the attached Exhibit A.

    a. Because the Settlement Shares include sums in settlement of claims for wages, interest, liquidated damages, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a settlement of a claim for wages, for which the Settlement Administrator will issue a United States Internal Revenue Service ("IRS") Form W-2 and other tax reporting forms as may be required under state law to the Named Plaintiffs and Opt-In Plaintiffs pursuant to his or her taxpayer identification number and any payroll tax and any other withholdings and deductions required under federal, state, and/or local law will be taken; and the remaining fifty percent (50%) of each Settlement Share is intended to constitute a settlement of claims for interest, liquidated damages, and penalties, for which no payroll tax or other withholding and deductions will be taken and the Settlement Administrator will issue an IRS Form 1099 to the Named Plaintiffs and Opt-In Plaintiffs.  The Named Plaintiffs and Opt-In Plaintiffs are responsible for all federal, state, and local tax liabilities that may result from their receipt of such Settlement Share payments subject to reporting on an IRS Form 1099, and the Released Parties

(defined below) shall bear no responsibility for such liabilities.  By accepting this payment, each Named Plaintiff and Opt-In Plaintiff acknowledges that he or she is solely responsible for the payment of taxes relating to the payment and that he or she will defend, hold harmless and indemnify Defendant and the Released Parties for any tax or other liabilities relating to this payment.

5.  Within thirty-five (35) business days of the Approval Order becoming Final, the Claims Administrator shall send Plaintiffs' Counsel the Court-approved Attorneys' Fees and Costs Payment from the QSF, which shall not exceed $466,666.66.  The Claims Administrator will issue a Form 1099 to Plaintiffs' Counsel.  Plaintiffs' Counsel is responsible for all federal, state, and local tax liabilities that may result from such payment and the Released Parties (defined below) shall bear no responsibility for such liabilities.

6.  Within thirty-five (35) business days of the Approval Order becoming Final, the Claims Administrator shall send the Court-approved Plaintiffs' Enhancement Payment to the Plaintiffs and Opt-In Plaintiffs identified in section VII.  The Plaintiffs' Enhancements Payments shall be allocated 50% as wages for which a W-2 will be issued and 50% as interest, liquidated damages, and penalties for which an IRS 1099 will be issued consistent with Paragraph 4(a).

7.  The Settlement Administrator will report all payments to government authorities including the IRS as required by law, and shall make all legally required deductions, withholdings and/or employment tax payments out of the QSF and/or Net QSF.

8.     The Settlement Administrator will hold in trust all unclaimed funds for a period of ninety (90) days following the deadline to cash Settlement Share checks, during which time any Named Plaintiff or Opt-In Plaintiff who failed to cash their Settlement Share check may request reissuance of same.  Following this 90-day deadline (180 days after the mailing of the checks), any uncashed Settlement Share check will be void the Settlement Administrator will return all uncashed check amounts to the Defendant.  All the Named Plaintiffs and Opt-In Plaintiffs are bound by the release below regardless of whether he or she elects to cash his or her settlement check.

## X.     RELEASE OF CLAIMS BY THE NAMED PLAINTIFFS, OPT-IN PLAINTIFFS, AND PLAINTIFF'S COUNSEL

1.     **The Named Plaintiffs' Release of Claims**:  The Named Plaintiffs, on behalf of themselves and their heirs, executors, and assigns, hereby agree to abide by the confidentiality obligation under Paragraph XI and further release Defendant and all of its past, present and future parents, subsidiaries, affiliates, successors and predecessors, including each of their directors, officers, employees, insurers, lawyers, and agents (the "Released Parties"), from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, whether under federal, Pennsylvania, New Jersey and/or Maryland statute, ordinance, regulation, or common law (including, without limitation, claims arising under the FLSA, 29 U.S.C. § 201, et seq., the NJWHL, N.J.S.A. § 34:11–56a, et seq., the NJWPL, N.J.S.A. § 34:11–4.1, et seq., the PMWA, 43 P.S. §§ 333.11, the MWHL, and the Md. Lab. & Empl. Code §§ 3-501, 3-502, 3-505, 3-507.2(b)) arising prior to

14

December 28, 2015, including but not limited to those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled based on the factual allegations in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of straight time, overtime wages, or any other wages; (ii) any statutory, constitutional, regulatory, contractual or common law claims for overtime or any other wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief ("Named Plaintiffs' Released Claims").

2.   **Federal and State Release Opt-In Plaintiffs' Released Claims.**  Federal and State Release Opt-In Plaintiffs release the Released Parties from any and all overtime and other wage claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, whether under federal, Pennsylvania, New Jersey, and/or Maryland statute, ordinance, regulation, or common law (including, without limitation, claims arising under the FLSA, 29 U.S.C. § 201, et seq., the NJWHL, N.J.S.A. § 34:11–56a, et seq., the NJWPL, N.J.S.A. § 34:11–4.1, et seq., the PMWA, 43 P.S. §§ 333.11, the MWHL, and the Md. Lab. & Empl. Code §§ 3-501, 3-502, 3-505, 3-507.2(b)) arising prior to December 28, 2015, including but not limited to those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled based on the factual allegations in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of straight time, overtime

wages, or any other  wages; (ii) any statutory, constitutional, regulatory, contractual or common law claims for overtime and any other wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief ("Federal and State Release Opt-In Plaintiffs' Released Claims").

3.   **Federal Release Opt-In Plaintiffs Released Claims**.  Federal Release Opt-In Plaintiffs release the Released Parties from any and all overtime and other wage claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, under the FLSA, 29 U.S.C. § 201, et seq., arising prior to December 28, 2015, that: (a) were pled in the Action at any time; and/or (b) could have been pled based on the factual allegations in the Action, including all claims based on alleged failure to pay any type of straight time, overtime wages or any other wages.  This release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, and any other relief available under the FLSA ("Federal Release Opt-In Plaintiffs' Released Claims")**.**

## XI.   CONFIDENTIALITY

Other than necessary disclosures made to the Court, the Named Plaintiffs and Opt-In Plaintiffs shall not directly or indirectly disclose the fact or the terms of the Settlement or this Stipulation to the media, the press, on any website, or any social media site, or other social media outlet, or generally to any member of the public (except for Plaintiffs' Counsel or his or her other

16

legal counsel and his or her spouse), including but not limited to current and/or former Wawa employees.  The Settlement Administrator will include a notice of this strict confidentiality provision with the Settlement Share checks sent to the Named Plaintiffs and Opt-In Plaintiffs.  If the Named Plaintiffs violate this confidentiality obligation, they will be each be liable for liquidated damages in the amount of 50% of their individual Settlement Share and approved Plaintiffs' Enhancement Payment (if applicable) paid to them pursuant to Paragraph VII.  Plaintiffs' Counsel will not directly or indirectly initiate any press release, press conference, or other publicity (including websites or social media communications) disclosing the monetary terms of this Settlement.  If Plaintiffs' Counsel receives any inquiries from the media, they may state only that "The matter has been resolved.  You can review the public filings or additional information."  Plaintiffs' Counsel and Counsel for Defendant may, however, disclose information that has been made public through a document filed in this Action on the Court's public docket concerning the Settlement on their respective websites and in their promotional materials so long as Wawa is not referenced by name.  Nothing in this Stipulation precludes Plaintiffs' counsel from otherwise complying with any applicable ethical rules, statute, or legal requirement.

## XII.   CERTIFICATION OF NO CLIENTS

Plaintiffs' Counsel acknowledge that other than the Named Plaintiffs' and Opt-In Plaintiffs, and knowing that there are other individuals who exist who were employed as AGMs at Wawa prior to Defendant's re-classification of the AGM position who did not receive the Court-authorized Notice and/or who did receive the Court-authorized Notice but elected not to join this Action, they have no other clients who worked as Wawa AGMs and are not aware of any other individuals who worked for Wawa in the AGM position prior to 2016 who they know to be contemplating claims against Wawa.

### XIII.   <u>USE AND RETURN OF DOCUMENTS</u>

All originals, copies, and summaries of documents, presentations, and data provided to Plaintiffs' Counsel by Defendant in connection with the litigation, mediation, or other settlement negotiations in this matter, including any and all e-mails and attachments containing such materials, may be used only with respect to this Settlement and may not be used in any way that violates any existing contractual Stipulation, statute, or rule.  At the time the Approval Order becomes Final, all materials referenced above will be destroyed and deleted from Plaintiffs' Counsel's files and the Parties will promptly comply with the provisions of the Confidentiality Stipulation and Protective Order executed between Plaintiffs' Counsel and Counsel for Defendant in this Action.

### XIV.   <u>FULL COOPERATION</u>

The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary or ordered by the Court, or otherwise, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain approval of this Settlement without material modifications and to implement its terms.

### XV.   <u>NO PRIOR ASSIGNMENTS</u>

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

## XVI.    NOTICES

Unless otherwise specifically provided by this Settlement, all notices, demands or other communications given under this Settlement will be in writing and be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return-receipt requested, or as of the first business day after it is deposited with an overnight delivery service, addressed as follows:

**To Named Plaintiffs' and Opt-In Plaintiffs:**

Marc Hepworth
HEPWORTH, GERSHBAUM & ROTH
192 Lexington Avenue, Suite 902

New York, New York 10016


**To Defendant:**

Michael J. Puma
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

## XVII.   CONSTRUCTION

This Settlement is the result of lengthy, arms-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation and related documents.

## XVIII. CAPTIONS AND INTERPRETATIONS

Paragraph titles, headings, or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.  Each other term of this Stipulation is contractual and not merely a recital.

## XIX.   MODIFICATION

This Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the Parties.

## XX.   CIRCULAR 230 DISCLAIMER

Each Party to this Stipulation (for purposes of this section, the "acknowledging party" and each Party to this Stipulation other than the acknowledging party, an "other party") acknowledges and agrees that: (1) no provision of this Stipulation, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as amended); (2) the acknowledging party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Stipulation, (b) has not entered into this Stipulation based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party, and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Stipulation.

**XXI.   <u>APPLICABLE LAW</u>**

All terms and conditions of this Stipulation and its exhibits will be governed by and interpreted according to the laws of the state of New Jersey, without giving effect to any conflict of law or choice of law principles.

**XXII.       <u>INTEGRATION CLAUSE</u>**

This Stipulation and its exhibits constitute the entire Stipulation between the Parties and their respective counsel relating to the Settlement and transactions contemplated by the Settlement.  All prior or contemporaneous Stipulations, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, including the proposal of the mediator, are merged into this Stipulation.  No rights under this Stipulation may be waived except in writing.

**XXIII.   <u>BINDING ON ASSIGNS</u>**

This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

**XXIV.       <u>COUNTERPARTS</u>**

This Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and effective as to all Parties, subject to Court approval.

**XXV.   <u>PARTIES' AUTHORITY TO SIGN</u>**

The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation on behalf of themselves and the Opt-In Plaintiffs.

<u>**EXECUTION BY PARTIES AND COUNSEL**</u>

21

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED:                          By: _____
                                     Anthony Gervsio


DATED:                          By: _____
                                     Christopher Carmany


DATED:                          By: _____
                                     James Cloud


DATED:                          By: _____
                                     Michael Dinse

DATED:                          **HEPWORTH, GERSHBAUM & ROTH**

                                By: _____
                                Marc Hepworth
                                Attorney for Named Plaintiffs and Opt-In Plaintiffs

                                **WAWA, INC.**
'
DATED:                          By: _____


DATED:                          **MORGAN, LEWIS & BOCKIUS LLP**

                                By: _____
                                Michael J. Puma, as to form only
                                Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED: _____   By: _____
                                                    Anthony Gervsio

DATED: _____   By: _____
                                                    Christopher Carmany

DATED: _____   By: _____
                                                    James Cloud

                                    *Michael Dinse*
DATED: _____   By: Michael Dinse (Dec 27, 2018)
                                    _____
                                                    Michael Dinse

DATED: _____   **HEPWORTH, GERSHBAUM & ROTH**

                                    By: _____
                                    Marc Hepworth
                                    Attorney for Named Plaintiffs and Opt-In Plaintiffs

                                    **Wawa, Inc.**

DATED: _____   By: _____

DATED: _____   **MORGAN, LEWIS & BOCKIUS LLP**

                                    By: _____
                                    Michael J. Puma, as to form only
                                    Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED:            By: _____
                                    Anthony Gervsio

DATED:            By: _____
                                    Christopher Carmany

DATED:            By: _____
                                    James A Cloud (Dec 27, 2018)
                                    James Cloud

DATED:            By: _____
                                    Michael Dinse

DATED:            **HEPWORTH, GERSHBAUM & ROTH**

                              By: _____
                              Marc Hepworth
                              Attorney for Named Plaintiffs and Opt-In Plaintiffs

                              **Wawa, Inc.**

DATED:            By: _____

DATED:            **MORGAN, LEWIS & BOCKIUS LLP**

                              By: _____
                              Michael J. Puma, as to form only
                              Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED:                    By: _____
                               Anthony Gervasio (Dec 26, 2018)
                               Anthony Gervsio

DATED:                    By: _____
                               Christopher Carmany

DATED:                    By: _____
                               James Cloud

DATED:                    By: _____
                               Michael Dinse

DATED:                    **HEPWORTH, GERSHBAUM & ROTH**

                          By: _____
                          Marc Hepworth
                          Attorney for Named Plaintiffs and Opt-In Plaintiffs

                          **Wawa, Inc.**

DATED:                    By: _____

DATED:                    **MORGAN, LEWIS & BOCKIUS LLP**

                          By: _____
                          Michael J. Puma, as to form only
                          Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED:             By: _____
                                  Anthony Gervsio

DATED:             By: <u>Chris Carmany (Dec 26, 2018)</u>
                                  Christopher Carmany

DATED:             By: _____
                                  James Cloud

DATED:             By: _____
                                  Michael Dinse

DATED: October ___, 2018      **HEPWORTH, GERSHBAUM & ROTH**

                                  By: _____
                                  Marc Hepworth
                                  Attorney for Named Plaintiffs and Opt-In Plaintiffs

                                  **Wawa, Inc.**

DATED: October ___, 2018      By: _____

DATED: October ___, 2018      **MORGAN, LEWIS & BOCKIUS LLP**

                                  By: _____
                                  Michael J. Puma, as to form only
                                  Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED:        By: _____
                              Anthony Gervsio

DATED:        By: _____
                              Christopher Carmany

DATED:        By: _____
                              James Cloud

DATED:        By: *Michael Dinse*
                              Michael Dinse (Dec 27, 2018)
                              Michael Dinse

DATED:        **HEPWORTH, GERSHBAUM & ROTH**

                        By: _____
                        Marc Hepworth
                        Attorney for Named Plaintiffs and Opt-In Plaintiffs

                        **Wawa, Inc.**

DATED:        By: _____

DATED:        **MORGAN, LEWIS & BOCKIUS LLP**

                        By: _____
                        Michael J. Puma, as to form only
                        Attorney for Defendant

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Stipulation.

DATED: _____ By: _____
                            Anthony Gervsio

DATED: . _____ By: _____
                            Christopher Carmany

DATED: _____ By: _____
                            James Cloud

DATED: _____ By: _____
                            Michael Dinse

DATED: _____ **HEPWORTH, GERSHBAUM & ROTH**

By: _____
Marc Hepworth
Attorney for Named Plaintiffs and Opt-In Plaintiffs

**WAWA, INC.**

DATED: 12/27/18   By: _____
                            MICHAEL J. ECKHARDT
                            VICE PRESIDENT

DATED: 12/27/18   **MORGAN, LEWIS & BOCKIUS LLP**

By: _____
Michael J. Puma, as to form only
Attorney for Defendant

22