Case 3:17-cv-00245-PGS-DEA   Document 111-7   Filed 12/28/18   Page 1 of 5 PageID: 2557

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANTHONY GERVASIO, MICHAEL DINSE, JAMES CLOUD and CHRISTOPHER CARMANY, Individually and on Behalf of All Other Persons Similarly Situated,

    *Plaintiffs*,

v.

WAWA, INC.,

    *Defendant*.

Civil Action No.
3:17-cv-00245-PGS-DEA

## [~~PROPOSED~~] ORDER GRANTING APPROVAL OF SETTLEMENT AND ENTERING FINAL JUDGMENT

Following the Plaintiffs' unopposed motion for approval of the settlement in this action, and the Court having considered all papers filed and proceedings had herein and oral argument, if any, and having reviewed the record in the above-captioned action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1) The Court has jurisdiction over the subject matter of the above-captioned action, the named Plaintiffs Anthony Gervasio, Michael Dinse, James Cloud, and Christopher Carmany ("Named Plaintiffs"), Defendant Wawa, Inc. ("Defendant") and all Settlement Members, which consists of all individuals who held the Assistant General Manager ("AGM") position at Wawa between January 12, 2015 and December 28, 2015 and who joined this Action by filing a Notice of Filing of Consent to Join Form ("Opt-In Plaintiffs").

2) The Settlement Members include Opt-In Plaintiffs who held the AGM position at a Wawa located in New Jersey, Pennsylvania, and/or Maryland ("Federal and State Release Opt-Ins")

as well as Opt-In Plaintiffs who held the AGM position at a Wawa located in Virginia, Florida, and/or Delaware ("Federal Release Opt-Ins").

3) The term Stipulation shall refer to the Joint Stipulation of Settlement and Release filed by the parties in this case in connection with Plaintiffs' application for approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

4) a) The Court approves the Settlement of the above-captioned action on the terms set forth in the Stipulation, including each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Members, the Named Plaintiffs, and Defendant (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

   b) By this Judgment, each Named Plaintiff and Federal and State Release Opt-In, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Released Parties (as defined in the Stipulation) as follows:

5) any and all overtime and other wage claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, whether under federal, Pennsylvania, New Jersey, and/or Maryland statute, ordinance, regulation, or common law (including, without limitation, claims arising under the FLSA, 29 U.S.C. § 201, et seq., the NJWHL, N.J.S.A. § 34:11–56a, et seq., the NJWPL, N.J.S.A. § 34:11–4.1, et seq., the PMWA, 43 P.S. §§ 333.11, the MWHL, and the Md. Lab. & Empl. Code §§ 3-501, 3-502, 3-505, 3-507.2(b)) arising prior to December 28, 2015, including but not limited to those claims which: (a) were pled in the Action at any time;

and/or (b) could have been pled based on the factual allegations in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of straight time, overtime wages, or any other wages; (ii) any statutory, constitutional, regulatory, contractual or common law claims for overtime and any other wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief ("Federal and State Release Opt-In Plaintiffs' Released Claims").

6) By this Judgment, each Federal Release Opt-In shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Released Parties (as defined in the Stipulation) as follows: any and all overtime and other wage claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, under the FLSA, 29 U.S.C. § 201, et seq., arising prior to December 28, 2015, that: (a) were pled in the Action at any time; and/or (b) could have been pled based on the factual allegations in the Action, including all claims based on alleged failure to pay any type of straight time, overtime wages or any other wages. This release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, and any other relief available under the FLSA ("Federal Release Opt-In Plaintiffs' Released Claims").

7) Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released

3

claims described above, any wrongdoing or liability of Defendant or any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

8) The Action is dismissed on the merits and with prejudice as to the Named Plaintiffs and Settling Parties, permanently barring the Named Plaintiffs and the Federal and State Release Opt-Ins from prosecuting any of the Named Plaintiffs' and Federal and State Release Opt-Ins' Released Claims, and also the Federal Release Opt-Ins from prosecuting any of the Federal Release Opt-Ins' Released Claims. Any of the Released Parties may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9) The Court hereby confirms the appointment of Anthony Gervasio, Michael Dinse, James Cloud, and Christopher Carmany as representative plaintiffs for purposes of the Settlement.

10) The Court hereby confirms the appointment of Hepworth, Gershabum, & Roth, LLP as Plaintiffs' Counsel for the Settlement Members for purposes of Settlement and the releases and other obligations therein.

11) The Court finds that the total settlement amount and plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Qualified Settlement Fund to the Named Plaintiffs, Settlement Members, Settlement Administrator and Plaintiffs' Counsel shall be done in accordance with the terms outlined in the Stipulation.

12) The Court awards an enhancement award in the amount of $5,000.00 (in addition to their Settlement Share) to Named Plaintiffs Anthony Gervasio, Michael Dinse, James Cloud and Christopher Carmany.

13) The Court awards an enhancement award in the amount of $1,000.00 (in addition to their Settlement Share) to Opt-In Plaintiffs Eric Romolini, Joeseph Fitzgerald, and Thomas Watkins.

14) The Court grants Plaintiffs' Counsel's fee application for $466,666.66 covering all attorneys' fees and costs, excluding the costs of the Settlement Administrator, which shall be paid from the Qualified Settlement Fund.

15) Other than Defendant's payment to the Qualified Settlement Fund, Defendant and Released Parties shall not be required to make any payments in connection with the Settlement.

16) The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Named Plaintiffs, the Settlement Members, Plaintiffs' Counsel, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

17) This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 31, 2019

_____
Judge Peter Sheridan

5