# Morgan Lewis

Keri L. Engelman
Morgan Lewis Bockius LLP
Boston, MA 02110

August 7, 2019

Hon. Peter G. Sheridan
United States District Judge
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re: *Gervasio v. Wawa, Inc.* (No. 3:17-cv-002)

Dear Judge Sheridan:

I write on behalf of Defendant Wawa, Inc. in the above-captioned matter.  As Your Honor is aware, the Parties entered into a settlement of the above-captioned matter, which settled the claims of only 333 individuals who opted-into the collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  The Parties did not enter into a settlement on behalf of any individuals under Federal Rule of Civil Procedure ("Rule 23") or an analogous state statute.   Plaintiffs' counsel, therefore, sought approval of the settlement – through a one-step approval process – under the FLSA only.  (Dkt. 111).  This Court approved the settlement on July 31, 2019.  (Dkt. 112).

I understand that the State of New Jersey's Office of the Attorney General ("AG") contacted Your Honor's Chambers regarding the status of notices pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA notice").  It is Defendant's understanding that CAFA notices are required to be distributed only when parties seek approval to settle claims under Rule 23 or an equivalent state statute.   Indeed, 28 U.S.C. § 1715 provides that "not later than 10 days after a **proposed settlement of a class action** is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a [CAFA] notice." *Id.* (emphasis added).  And a "class action" is defined under CAFA "as any civil action **filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute** or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

Based on these statutory provisions, it is Defendant's understanding that CAFA notices were not required to be distributed to the applicable AGs in this case.  The Parties did not seek approval of a proposed class action under Rule 23 or a similar state statute.  As explained above, the proposed (and approved) settlement was limited to the claims of those individuals who affirmatively opted-into the collective action under the FLSA.  It did not involve any absent class members.  (Dkt. 111-

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States

☏ +1.215.963.5000
🅵 +1.215.963.5001

Hon. Peter G. Sheridan
August 7, 2019
Page 2

1) (explaining that the settlement did not include Rule 23 opt-out classes).   Plaintiffs' counsel therefore did not seek approval of the settlement pursuant to the standard set forth under Rule 23 and the Court did not analyze that standard when approving the settlement.

Should Your Honor require additional information, please let me know.  Thank you for your attention to this matter.

Sincerely,

/s/ Keri L. Engelman

Keri L. Engelman